United States District Court
Middle District of Florida
Orlando Division

**REIMANUEL CARRASQUILLO ARROYO,**

 *Plaintiff,*

v.                  NO. 6:18-cv-1030-ORL-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

# Order

 Upon the Commissioner's motion, Doc. 21, the Court reversed the denial of Reimanuel Carrasquillo Arroyo's applications for benefits and remanded for further proceedings under sentence four of 42 U.S.C. § 405(g), Doc. 22. Arroyo now requests $3709.06 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 24. The Commissioner does not oppose the request. Doc. 24 at 2.

 In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) his request is timely, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2). An EAJA award is to the party, not his attorney, and subject to an offset to satisfy any preexisting debt the party owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

 A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made

within 30 days of when the judgment becomes final. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner has the burden of showing her position had been substantially justified, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Arroyo prevailed because the Court ordered a sentence-four remand. Doc. 22. His motion, filed on March 21, 2019, is timely. *See Myers*, 916 F.2d at 679 n.20. He represents that his net worth at the time this case was filed was less than $2 million, Doc. 24 ¶ 7, and the Court accepts that representation. His motion includes allegations that the Commissioner's position was not substantially justified, Doc. 24 ¶¶ 5, 6, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Arroyo is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost-of-living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee motion is compensable. *Jean*, 496 U.S. at 157.

3

Arroyo is represented by Richard Culbertson, Esquire, and Sarah Fay, Esquire. Neither attorney provides an affidavit on their experience or customary rate. It is known in the legal community and reflected in their many appearances in social-security cases here (more than 100 for Culbertson and more than 35 for Fay) that they specialize in social-security work and have done so for many years. Records of The Florida Bar indicate Culbertson has been a member since 1991 and Fay since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Arroyo submits two "schedules of hours" from Culbertson's firm. Doc. 24 at 9–10. The first schedule shows Culbertson spent 1.1 hours between June and October 2018 and .1 hours in February 2019, which together equal 1.2 hours. Doc. 24 at 9. The second schedule shows Fay spent 15.9 hours between June and December 2018 and 1.3 hours between February and March 2019, which together equal 17.2 hours. Doc. 24 at 10. The schedules show the tasks Culbertson and Fay performed and the time they took to perform them. Doc. 24 at 9–10. Tasks included reviewing the record and rulings, discussing the case with Arroyo, and preparing the brief in opposition to the Commissioner's decision. Doc. 24 at 9–10. The administrative record is 989 pages. Doc. 15.

Arroyo's $3709.06 request is based on the total time (18.4 hours) multiplied by $201.58.* Doc. 24 ¶ 8. The $201.58 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the "annual all urban consumer price index ["CPI"] for 2018." Doc. 24 at 7.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the market rate in Jacksonville for services

---

*18.4 hours multiplied by $201.58 equals $3709.07, but Arroyo requests $3709.06, and the Court will award the amount requested.

provided by lawyers of comparable skills, experience, and reputation to Culbertson and Fay exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Culbertson and Fay performed their work. The $201.58 rate that Arroyo proposes for Culbertson's and Fay's work is appropriate (and slightly less than the $201.70 rate indexed to December 2018). On the reasonableness of the hours, none of the work by Culbertson or Fay appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 24 at 9–10. The number of hours is reasonable.

Using the requested number of hours and rate, attorney's fees of $3709.06 are appropriate.

Because Arroyo is eligible and his requested attorney's fees are reasonable, the Court **grants** the motion for EAJA fees, Doc. 24; **awards** him **$3709.06** in attorney's fees; and **directs** the Clerk of Court to enter judgment in favor of Reimanuel Carrasquillo Arroyo and against the Commissioner in the amount of **$3709.06**. The Court leaves to the Commissioner's discretion whether to accept Arroyo's assignment of EAJA fees to Culbertson after determining if Arroyo owes a federal debt. *See* Doc. 24-1.

**Ordered** in Jacksonville, Florida, on April 4, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record